UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION,<br>BLACK & DECKER, INC., BLACK & DECKER<br>(U.S.) INC., EMHART CORPORATION, and<br>EMHART, INC.,<br>Defendants. | No. 1:04-CV-10657-DPW<br>(Bostik Middleton Site)<br><br>No. 1:04-CV-10684-DPW<br>(Whitman Site) |

**LIBERTY MUTUAL INSURANCE COMPANY'S
MOTION TO ESTABLISH AMOUNT OF REIMBURSABLE
DEFENSE COSTS WITH RESPECT TO
WHITMAN AND BOSTIK MIDDLETON SITES**

Pursuant to Federal Rules of Civil Procedure 50(b), 59(e), and 60(b), plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), hereby moves this Court for an Order establishing the amount of reimbursable defense costs with respect to the Whitman and Bostik Middleton Sites.

As set forth more fully in the accompanying memorandum of law, defendants, The Black & Decker Corporation, et al. ("Black & Decker"), seek reimbursement for attorneys' fees and disbursements expended in connection with the investigation and clean-up of alleged pollution damages at the Whitman and Bostik Middleton Sites (the "underlying actions"), based on Liberty Mutual's alleged duty to defend Black & Decker with respect to the underlying actions. Liberty Mutual respectfully submits that the majority of the costs for which Black & Decker seeks

reimbursement are not subject to payment under the policies issued by Liberty Mutual to Black & Decker's predecessor in interest, USM Corporation.

First, Black & Decker incurred virtually all of the alleged defense costs at the Whitman site prior to providing notice of the Whitman claim to Liberty Mutual on November 3, 1994.  As the Court previously ruled with respect to the Bostik Middleton site, Liberty Mutual has no duty to defend with respect to costs incurred prior to the notice date.  Accordingly, none of the defense costs incurred at the Whitman site prior to November 3, 1994 are subject to reimbursement by Liberty Mutual.

Moreover, the invoices for post-notice attorneys' fees and disbursements which Black & Decker has submitted for reimbursement contain numerous cost items which are not reasonable or necessary for the defense of the underlying actions.  Liberty Mutual's expert witness, Charity Dobbins Connor, Esq., has analyzed the invoices and recommended reductions for those cost items that are either patently unreasonable in type or scope, or whose descriptions in the invoices are so vague as to preclude a determination as to their reasonableness.  Since Liberty Mutual's alleged duty to defend pertains only to reasonable defense costs, Black & Decker is not entitled to recoup payment for these unreasonable and unnecessary charges from Liberty Mutual with respect to the underlying actions.

Finally, to the extent that Black & Decker is entitled to reimbursement for reasonable charges set forth on particular invoices, the appropriateness and amount of any pre-judgment interest associated with the reimbursable portion of those

invoices must be determined with reference to the dates, if any, on which Black & Decker was wrongfully deprived of the use of its funds by virtue of having to pay an invoice that should have been paid by Liberty Mutual. In order to make that determination, Black & Decker must demonstrate both that it paid each such invoice, and that Liberty Mutual declined, on a specific date, to reimburse Black & Decker for each such invoice, after having been presented with the invoice and having had a reasonable period of time in which to review the invoice and make its payment decision. Black & Decker has failed to present this information, and therefore is not entitled to prejudgment interest with respect to the reimbursable portions of the invoices for which it seeks payment as defense costs.

WHEREFORE, Liberty Mutual respectfully requests that this Court enter an Order:

1. declaring that Liberty Mutual has no duty to pay any defense costs incurred with respect to the Whitman site prior to November 3, 1994;

2. declaring that to the extent that Liberty Mutual has a duty to pay defense costs for the Whitman and Bostik Middleton sites, the amount of those defense costs should be reduced in accordance with the recommendations of Liberty Mutual's expert, as set forth on the spreadsheets annexed to Liberty Mutual's brief as Exhibits 46 through 51;

3. declaring that to the extent that Liberty Mutual has a duty to pay prejudgment interest with respect to the defense costs for the Whitman and Bostik Middleton sites, the date on which such interest commences for each such invoice is

to be determined based on the Black & Decker's proof that it paid each such invoice, and that Liberty Mutual declined to reimburse it for each such invoice on a specific date, after having received the invoice from Black & Decker and having had a reasonable time to review the invoice and make its payment decision; and

    4.    awarding Liberty Mutual such other and further relief as this Court deems just.

> LIBERTY MUTUAL INSURANCE COMPANY
>
> By its attorneys,
>
>     /s/   Ralph T. Lepore, III
> Ralph T. Lepore, III (BBO 294420)
> Janice Kelley Rowan (BBO 265520)
> HOLLAND & KNIGHT LLP
> 10 St. James Avenue
> Boston, MA  02116
> (617) 523-2700

Dated:  June 3, 2004

### CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd day of June, 2004, I caused a copy of the foregoing motion to be served by hand upon counsel for defendants, Jack R. Pirozzolo, Esq., at Willcox, Pirozzolo & McCarthy, P.C., 50 Federal Street, Boston, MA  02110.

>     /s/  Janice Kelley Rowan

# 1989029_v1