UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE BLACK & DECKER CORPORATION, ) <br> BLACK & DECKER, INC., BLACK & DECKER ) <br> (U.S.) INC., EMHART CORPORATION, and ) <br> EMHART INDUSTRIES, INC., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 1:04-CV-10657-DPW <br> (BOSTIK MIDDLETON) <br> C.A. No. 1:04-CV-10684-DPW <br> (WHITMAN) |

**BLACK & DECKER'S MEMORANDUM REGARDING
RECOVERABILITY OF ATTORNEY'S FEES AND EXPENSES**

Pursuant to Section II(C) of the April 5, 2004 Joint Status Report, Black & Decker submits this memorandum regarding the elements and components of attorney's fees and expenses that it is entitled to recover as a result of its having established that Liberty Mutual is required to indemnify and defend Black & Decker with respect to claims of contamination relating to the Bostik Middleton and Whitman sites. Black & Decker is entitled to recover its attorney's fees and expenses under two exceptions to the so-called "American Rule" that a party is ordinarily not entitled to recover its attorney's fees.

First, an insured that prevails in a declaratory judgment action is entitled to an "assessment of the reasonable attorney's fees and expenses incurred … in prosecuting the declaratory judgment action." Rubenstein v. Royal Ins. Co. of America, 429 Mass. 355, 360-61 (1999). Under Rubenstein, Black & Decker's success in this action suffices to entitle it to an award of attorney's fees and expenses. Further, contrary to the assertion of Liberty Mutual in a pre-trial motion in limine, there is no requirement that the award be limited to fees and expenses

pertaining to the duty to defend, rather than the duty to indemnify. <u>Rubenstein</u> authorizes recovery of "attorney's fees and expenses incurred by [the insured] in <u>prosecuting the declaratory judgment action</u>." 429 Mass. at 360-61 (emphasis added). The only limitation on the scope of recoverable attorney's fees and expenses in <u>Rubenstein</u> was that those pertaining to proving lost insurance policies were not recoverable.

A second, and independent, basis for recovery of attorney's fees and expenses is a provision of the pertinent insurance policies that requires Liberty Mutual to reimburse its insured for "all reasonable expenses … incurred at [Liberty Mutual's] request." A number of courts have construed such a provision to apply to attorney's fees and expenses incurred in litigation between insurer and insured to establish the insurer's duty to provide coverage. This policy provision permits recovery of all attorney's fees and expenses incurred in a declaratory judgment action.

## ARGUMENT

I. **Under <u>Rubenstein</u>, Black & Decker is entitled to recover the attorney's fees and expenses it incurred in prosecuting the portion of this action pertaining to the Whitman and Bostik Middleton claims.**

Pursuant to the decision of the Supreme Judicial Court ("SJC") in <u>Rubenstein</u>, Black & Decker is entitled to recover the litigation expenses it incurred in successfully prosecuting a declaratory judgment action which established that Liberty Mutual was in breach of its duties to defend and indemnify Black & Decker with respect to the Whitman and Bostik Middleton claims. In <u>Rubenstein</u>, the SJC considered the issue of whether the insureds under a comprehensive general liability policy were entitled to recover the attorney's fees and expenses they incurred in successfully establishing the defendant insurer's duty to defend. The SJC had previously permitted an insured under a homeowner's policy to recover its reasonable attorney's fees and expenses incurred in successful litigation to establish his insurer's duty to defend.

2

Preferred Mut. Ins. Co. v. Gamache, 426 Mass. 93, 98 (1997).  The Court in Rubenstein concluded that there was "no sound reason to differentiate between homeowner's insurance and other kinds of liability insurance in applying the rule in Gamache" and remanded the case to the Superior Court "for assessment of the reasonable attorney's fees and expenses incurred by [the insureds] in prosecuting the declaratory judgment action."  429 Mass. at 357, 360-61.  The SJC later confirmed that when an insured successfully prosecutes a declaratory judgment action regarding the insurer's obligations under a liability insurance policy, the insured is entitled to recover the attorney's fees and expenses he incurred in the declaratory judgment action, even if the insurer had defended the insured in the underlying action subject to a reservation of rights. Hanover Ins. Co. v. Golden, 436 Mass. 584, 588 (2002).  Because Black & Decker has established that Liberty Mutual had a duty to defend and indemnify Black & Decker with respect to the Whitman and Bostik Middleton claims, Black & Decker is entitled under Rubenstein to recover the reasonable attorney's fees and expenses in prosecuting the portion of this action concerning those claims.

Based upon the April 5, 2004 Status Report and a motion in limine concerning recoverability of attorney's fees, it appears that Liberty Mutual is attempting to place two unwarranted limitations on the recovery of attorney's fees:  (1) that recovery of attorney's fees in a declaratory judgment action may be denied if notice of the underlying claim was not timely, and (2) that attorney's fees concerning the duty to defend must be segregated from those pertaining to the duty to indemnify.  As is shown below, neither assertion is consistent with Rubenstein and other controlling Massachusetts decisions.

A.      **Rubenstein does not require "prompt" notice.**

Liberty Mutual has previously asserted that "the linchpin of an attorneys' fee award under Rubenstein … is a prompt invocation by the policyholder of its alleged contractual right to a defense under the policy," and that Black & Decker is therefore not entitled to an award of attorney's fees. Liberty Mutual Insurance Company's Motion In Limine with Respect to Black & Decker's Entitlement to Recoup Attorneys' Fees Incurred in Declaratory Judgment Action (Civil Action No. 96-10804-DPW, January 7, 2004), p. 3. This argument is refuted by Rubenstein itself, which noted that "[t]he entitlement of an insured to attorneys' fees and costs incurred in establishing contested coverage depends exclusively on whether that coverage is ultimately determined to exist. It does not depend on whether the denial of coverage by the insurer was reasonable or unreasonable, justified or unjustified, a close question of fact or a matter not even the subject of legitimate dispute. The focus is exclusively on the bottom line." 426 Mass. at 360 (emphasis added), quoting Commercial Union Ins. Co. v. Porter Hayden Co., 698 A.2d 1167 (Md. App. Ct. 1997).

The Rubenstein Court went on to conclude that "[t]he only considerations relevant to our inquiry are that the [insureds] paid premiums to, and purchased comprehensive general liability insurance from, the [insurer]…. The [insureds] … secured a judgment that the [insurer] was obligated to provide a defense to the claims. Because the [insureds] established that the [insurer] violated its duty to defend them in the damages action, they are entitled to an award of the reasonable attorney's fees and expenses incurred in the declaratory judgment action." 429 Mass. at 360. The rationale for the award of attorney's fees and expenses is that the insured should not be required to incur the cost of litigation with its insurer to establish the insured's rights under the policy. Once the insurer forces the insured to litigate, the prevailing insured is entitled to recover its attorney's fees and expenses.

The same rationale applies here. Black & Decker has established that Liberty Mutual violated its duty to defend Black & Decker with respect to the Whitman and Bostik Middleton claims. Therefore, as a matter of law, Black & Decker is entitled to the attorney's fees and costs it incurred in establishing said breach.

Even if the time of notice were a relevant consideration, Black & Decker would be entitled to recover its attorney's fees and expenses unless Liberty Mutual were able to show prejudice due to the allegedly belated notice. This Court held that an insurer may not rely on late notice to defeat coverage unless the insurer meets its "burden of proving that it was actually prejudiced by the delay, even when the delay was 'extreme.'" See December 5, 2003 Memorandum and Order Regarding Summary Judgment ("December Order") at 73. The same requirement to prove prejudice applies when the insured is in breach of other cooperation provisions, such as the voluntary payment provision. Id. at 89-92 (same rule applies to voluntary payment). Accordingly, proof of actual prejudice would be required if the insurer were to attempt to rely on the date of notice to avoid its responsibility for payment of attorney's fees and expenses. Here, at trial Liberty Mutual did not make any attempt to prove prejudice from purported late notice, and that defense was not permitted to be presented to the jury. See Transcript of Jury Trial and Charge Conference – Day 12, February 10, 2004, at 12-150 to 12-153; Transcript of Jury Trial – Day 14, February 12, 2004, at 14-3.[1] That same failure to prove prejudice prevents Liberty Mutual from relying on the date of notice to defeat Black & Decker's right to recovery of attorney's fees and expenses in successfully prosecuting a declaratory judgment action.

---

[1] Copies of the relevant pages of these transcripts are attached hereto as Exhibits A and B, respectively.

5

### B. <u>Rubenstein</u> permits recovery of all attorney's fees and expenses concerning the Whitman and Bostik Middleton sites.

In the Joint Status Report, Liberty Mutual asserts that "it will be necessary for Black & Decker to segregate those fees which relate to establishing the duty to defend at the Whitman and Bostik Middleton sites, as distinct from fees relating to … the duty to indemnify…." <u>Rubenstein</u> permits Black & Decker to recover its attorney's fees and expenses incurred in establishing Liberty Mutual's duty to indemnify as well, where, as here, the issues of defense and indemnification are interwoven in the same proceeding. In <u>Rubenstein</u>, the insureds sought and obtained a declaration that the insurer had both a duty to defend <u>and</u> a duty to indemnify the insureds. 429 Mass. at 355, 356. After determining that the insureds were entitled to an award of attorney's fees incurred in the declaratory judgment action, the Court remanded the case to the Superior Court "for assessment of the reasonable attorney's fees and expenses incurred by [the insureds] in <u>prosecuting the declaratory judgment action</u>." <u>Id</u>. at 360-61 (emphasis added). The Court specifically stated that the insurer "should not be charged for the fees and expenses incurred by [the insureds] in establishing the existence, terms, and conditions of the missing insurance policies issued by the defendant," but did <u>not</u> disallow fees and expenses incurred in establishing the insurer's duty to indemnify (as opposed to the duty to defend). <u>Id</u>. at 361.[2] It

---

[2] The Massachusetts Appeals Court's decision in <u>Chicago Ins. Co. v. Lappin</u>, 58 Mass. App. Ct. 769 (2003), is not to the contrary. In <u>Lappin</u>, the insurer had issued a malpractice insurance policy to two attorneys. These insured attorneys were subsequently sued by former clients, the Wallaces, and the insureds sought a defense from the insurer. The insurer then brought a declaratory judgment action against both its insureds and the Wallaces, seeking a declaration that the insurer had no obligation either to defend or indemnify. <u>Id</u>. at 769-73. After the insurer was found to have breached its duty to the attorneys it insured, the Wallaces sought to recover the attorney's fees which they had incurred in the declaratory judgment action. The Appeals Court determined that even if the Wallaces were third-party beneficiaries of the insurance contract, they were not entitled under <u>Rubenstein</u> to recover attorney's fees. <u>Id</u>. at 784. The Wallaces, who were not insureds, had not established that the insurer owed them a duty to defend. Thus, the Appeals Court did not address whether a party that established its insurer's duty to defend was required to "segregate" costs incurred in establishing that duty from those incurred in establishing the duty to indemnify. Both costs are incurred in establishing "contested coverage" within the meaning of <u>Rubenstein</u>. See 429 Mass. at 360.

did not require the insured to "segregate" fees incurred in establishing the duty to defend from those incurred in establishing the existence and extent of the duty to indemnify.

Had the Supreme Judicial Court intended to exclude fees pertinent to indemnification from fees pertinent to the duty to defend, it would have done so in the same instructions to the trial court in which it held that attorney's fees pertinent to proof of lost policies were not recoverable. There was no such requirement to differentiate between costs associated with the duties to defend and indemnify, although the duties to defend and indemnify were resolved in separate proceedings in the trial court. See Rubenstein v. Royal Ins. Co. of America, 44 Mass. App. Ct. 842, 844-45 (1997) (duty to defend determined in October 1994; duty to indemnify determined following a trial in November 1994), aff'd, 429 Mass. 355 (1999).

The absence of a requirement that the insured differentiate between these categories of expenses is understandable. In Rubenstein (as in the instant action), the insureds proved that the insurer had acted in breach of both the duty to defend and the duty to indemnify. The purpose of the fee award in Rubenstein was to prevent the insurer from "forc[ing the insured] into a declaratory judgment proceeding and, even though it loses in such action, compel[ling the insured] to bear the expense of such litigation," thereby making the insured "actually no better off financially than if he had never had the contract right [in the insurance policy]." 429 Mass. at 357. Similarly, the benefit under the insurance contract would be diluted if the insurer could launch a satellite litigation regarding whether defense costs in the declaratory judgment action were for proving the duty to defend or the duty to indemnify. Once the insurer creates the need to litigate the policy provisions, the insured is forced into litigation and should be entitled to recover all costs incurred in proving its rights to benefits under the insurance policy. This reasoning is consistent with the holding that expenses to prove lost policies, which in Rubenstein were the subject of a separate trial, were not recoverable. Those expenses, unlike expenses to

determine the duty to indemnify, raise issues other than whether the claim against the insured was within the scope of the insurance policies. In the words of a case from another jurisdiction, quoted with approval in Rubenstein, an attorney's fees award against the recalcitrant insurer turns on whether the insured was required to establish "contested coverage," not whether the contested coverage involved the duty to defend and/or the duty to indemnify. Rubenstein, 429 Mass. at 360, quoting Commercial Union Ins. Co. v. Porter Hayden Co., 698 A.2d 1167 (Md. App. Ct. 1997) ("The entitlement of an insured to attorney's fees and costs incurred in establishing contested coverage depends exclusively on whether that coverage is ultimately determined to exist"). Coverage includes both the duty to defend and the duty to indemnify. Rubenstein concluded that "[b]ecause [the insureds] established that the defendant violated its duty to defend them in the damages action, they are entitled to an award of the recoverable attorney's fees incurred and expenses incurred in the declaratory judgment action." 429 Mass. at 360. The fees and expenses recoverable are those "incurred in the declaratory judgment action," not a subset of the fees that are related to the duty to defend, rather than the duty to indemnify.

### C. The elements and components of attorney's fees that are recoverable

In accordance with the Joint Status Report, the issue before the Court is "the elements and components of attorneys' fees and expenses for which reimbursement is allowable" (p. 5), with an accounting of the dollar amount to be addressed following judgment. See Transcript of April 8, 2004 Hearing, at 14-20.[3] Black & Decker is entitled, at this time, to recover those fees and expenses incurred in prosecuting the declaratory judgment claims concerning Bostik

---

[3] Copies of the relevant pages of this transcript are attached hereto as Exhibit C.

Middleton and Whitman.[4]  Those components of the recoverable fees and expenses include all fees and expenses that were specifically related to Bostik Middleton and Whitman.  The fees and expenses specifically related to Bostik Middleton and Whitman that are recoverable in toto include those concerning the following activities:

- attendance at depositions of fact and expert witnesses who testified concerning those sites, such as former employees;

- the summary judgment hearings, and related preparation, concerning Bostik Middleton and Whitman;

- preparation for the trial concerning Bostik Middleton and Whitman; and

- the trial concerning Bostik Middleton and Whitman.

The elements and components of the recoverable fees and expenses also include an allocable percentage of costs for services that were not exclusively related to Bostik Middleton and Whitman.  Such fees and expenses are to be allocated (with the allocable percentage to be determined after judgment) as this action involved numerous sites.  Examples of the fees and expenses that should be allocated include those concerning the following activities:

- preparation of the summary judgment papers, which addressed Bostik Middleton, Whitman and a number of other sites;

- responding to site-specific discovery requests, which addressed Bostik Middleton, Whitman and a number of other sites;

---

[4] Black & Decker is also entitled to recover attorney's fees and expenses related to the W.W. Cross Tack Pile due to the portion of the December Order granting Black & Decker summary judgment on its claim that Liberty Mutual had a duty to defend that claim.  See December Order at 145.  The award of those fees is not presently before the Court, as the Scheduling Order requires that the parties address only the Bostik Middleton and Whitman sites.

- responding to discovery requests that were not site specific, such as discovery regarding corporate history;

- addressing general matters that were not site specific, such as attendance at status conferences and preparation of status reports; and

- attendance at depositions that were not site specific, such as the Rule 30(b)(6) deposition of Black & Decker.

The fees and expenses that are not recoverable at the present time are those attributable exclusively to sites other than Bostik Middleton and Whitman. Fees regarding other sites will be recoverable to the extent that Black & Decker prevails regarding specific sites. The categories for which recovery is not presently available under Rubenstein include those in connection with the following services:

- depositions of fact and expert witnesses regarding other sites;

- summary judgment motions concerning other sites; and

- discovery regarding lost policies, pursuant to the Rubenstein Court's directive that costs regarding lost policy issues were not recoverable. 429 Mass. at 361.

**II.     The Liberty Mutual policies at issue require Liberty Mutual to reimburse Black & Decker for all of the expenses it incurred in connection with the declaratory judgment action brought by Liberty Mutual.**

The pre-1970 general liability policies which Liberty Mutual issued to USM Corporation ("USM Policies") contain a provision which requires to Liberty Mutual to pay all of the costs which Black & Decker has incurred in defending against Liberty Mutual's declaratory judgment action. Research has not located any decisions in which Massachusetts courts have interpreted this particular policy language in the context of an insured's right to reimbursement of attorney's fees incurred in successfully defending a declaratory judgment action brought by its insurer. However, a number of courts in other jurisdictions have found that this language requires the

10

insurer to reimburse its insured for all of the litigation expenses which the insured incurred in successfully defending against the insurer's declaratory judgment action to determine coverage under the policy. This would include not only the attorney's fees and expenses which are recoverable under Rubenstein, but also the fees and expenses incurred in proving the existence and terms of "lost" policies.[5]

Section II of the Insuring Agreement of each of the USM Policies states that "[a]s respects such insurance as is afforded by the other terms of this policy the company shall … reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request."[6] This language requires Liberty Mutual to reimburse Black & Decker for the expenses which it incurred in successfully defending against Liberty Mutual's declaratory judgment action. See, e.g., Security Mut. Cas. Co. v. Luthi, 226 N.W.2d 878, 881, 883-885 (Minn. 1975) (permitting insured's recovery of attorney's fees incurred in declaratory judgment action where policy provided that insurer would "reimburse the Insured for all reasonable expenses, other than loss of earnings, incurred at the Company's request"); Occidental Fire & Cas. Co. v. Cook, 435 P.2d 364, 368 (Idaho 1967) (upholding award of attorney's fees incurred by the insured in defending against insurer's declaratory judgment action where policy provided that the insurer would "reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request"). These courts have reasoned that an insured's defense of a declaratory judgment action brought by his insurer is action taken "at the company's request." See, e.g., Luthi, 266 N.W.2d at 881, 885; Citizens Ins. Co. of America v. Charity, 871

---

[5] This provision is also broad enough to encompass fees and expenses regarding the duty to indemnify, if the Court were to adopt the Liberty Mutual assertion that, under Rubenstein, it is necessary to segregate fees and expenses relating to proving the duty to indemnify from those relating to proving the duty to defend.

[6] The relevant pages from Policy RG1-612-004059-018 (for the period January 1, 1968 through January 1, 1969) containing this provision are attached hereto as Exhibit D. This language appears in all of the USM Policies prior to this policy as well.

11

F. Supp. 1401, 1404 (D. Kan. 1994) (insurer's "filing of a declaratory judgment action constitutes a 'request' on the part of [the insurer] under the contract language"); Upland Mut. Ins., Inc. v. Noel, 519 P.2d 737, 743 (Kan. 1974) ("the filing of this suit constituted a 'request' by Upland and therefore the company is obligated under its policy to reimburse the insured … for all reasonable expenses incurred at the company's request").

Language requiring the insurer to reimburse the insured for "reasonable expenses" incurred at the insurer's "request" is "broad in scope and … without express conditions" and "can … be reasonably interpreted to require [the insurer] to pay its insured's expenses in defending a lawsuit by [the insurer] to determine policy coverage." State Farm Fire & Cas. Co. v. Sigman, 508 N.W.2d 323, 325 (N.D. 1993) (interpreting policy provision that insurer would pay "reasonable expenses an insured incurs at our request" to permit recovery of attorney's fees in a declaratory judgment proceeding against the insurer). By its own terms, this provision is not limited to requests from the insurer in connection with investigation or defense of the underlying claims. See Citizens Ins., 871 F. Supp. at 1403-1404 (insured was not entitled to award of attorney's fees in declaratory judgment action from insurer whose policy provided that insurer would pay "all reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or 'suit,'" but insured was entitled to award of attorney's fees from different insurer whose policy provided that insurer would pay "all reasonable expenses incurred by the 'insured' at our request"). Indeed, the distinction between the two versions of the policy language cited in Citizens Insurance is significant here. The USM Policies permit recovery for "all reasonable expenses … incurred at [Liberty Mutual's] request," while subsequent policies that Liberty Mutual issued to USM contain a provision that recoverable

expenses are limited to those "incurred by the insured at [Liberty Mutual's] request in assisting [Liberty Mutual] in the investigation or defense of any claim or suit…."[7]

Holding Liberty Mutual responsible under this policy provision for the costs that Black & Decker has incurred in defending the declaratory judgment action is consistent with Rubenstein. The Rubenstein Court noted that its approach was an exception to the so-called "American Rule," which "prohibit[s] recovery of attorney's fees and expenses in a civil case in the absence of either an agreement between the parties, or a statute or rule to the contrary…."  429 Mass. at 357 (emphasis added), citing Gamache, 426 Mass. at 95.  Rubenstein did not purport to address the situation in which the language of the insurance policies at issue required the insurer to pay the insured's litigation expenses in defending the declaratory judgment action brought by the insurer.  Thus, this policy provision may permit recovery of a greater measure of fees than is awardable under the Rubenstein rule.  As a number of cases have emphasized, language of this type entitles the insured as a matter of contract to recover its litigation expenses in a declaratory judgment action brought by its insurer.  Great West Cas. Co. v. See, 185 F. Supp. 2d 1164, 1173 (D. Nev. 2002) (allowing for recovery of attorney's fees and costs "as a matter of contract" where policy provided that insurer "will pay … [a]ll reasonable expenses incurred by the 'insured' at our request"); Guaranty Nat'l Ins. Co. v. McGuire, 173 F. Supp. 2d 1107, 1115-16 (D. Kan. 2001) (where policy stated that the insurer would "pay other reasonable expenses incurred at our request," the insured was "entitled to reimbursement of reasonable attorneys fees incurred in defending this declaratory judgment action brought by [the insurer], under the policy language as a matter of contractual agreement"); Flannery v. Allstate Ins. Co., 49 F. Supp. 2d 1223, 1232-33 (D. Colo. 1999) (recovery of attorney's fees permitted by "the contract exception

---

[7] This language first appeared in Policy No. LG1-612-004059-213 (for the period November 1, 1973 through November 1, 1974), the pertinent pages of which are attached as Exhibit E.

13

to the American rule" where policy provided that insurer would pay "any … reasonable expenses incurred by an insured person at our request").

As a result of this policy provision, Black & Decker is entitled to all of the attorney's fees and expenses it incurred in the declaratory judgment action brought by Liberty Mutual with respect to the Whitman and Bostik Middleton claims that are not otherwise recoverable under Rubenstein. These additional elements of fees and expenses are among those associated with the declaratory judgment action. By bringing a declaratory judgment action, Liberty Mutual requested that Black & Decker incur all expenses in such an action. See Flannery, 49 F. Supp. 2d at 1233 (holding that the insured was entitled to recover "reasonable attorney fees in prosecuting this action against" the insurer, where insured's claims included both declaratory relief and a claim for breach of an implied covenant of good faith and fair dealing).

## **CONCLUSION**

For the reasons set forth above, this Court should enter an Order that Black & Decker is entitled to recover all fees and expenses incurred in prosecuting its claims regarding the Bostik Middleton and Whitman sites, including (1) all fees and expenses that were specifically related to the Bostik Middleton and Whitman sites, (2) an allocable percentage of all fees and expenses that were not directly related to Bostik Middleton, Whitman or any other specific site and did not relate to lost policy issues and (3) an allocable percentage of all fees and expenses related to lost policy issues. The first two categories of costs are recoverable pursuant to Rubenstein. All three categories of costs are recoverable pursuant to the contractual provision requiring Liberty Mutual to reimburse Black & Decker for the expenses it incurred at Liberty Mutual's request in seeking

declaratory relief regarding the Bostik Middleton and Whitman sites.

                              Respectfully submitted,

                              /s/Jack R. Pirozzolo
                              Jack R. Pirozzolo BBO# 400400
                              Richard L. Binder BBO# 043240
                              Willcox, Pirozzolo & McCarthy
                              Professional Corporation
                              50 Federal Street
                              Boston, Massachusetts 02110
                              (617) 482-5470